UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT P. WEINBERG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LISA WOLFE, STANLEY SPERO, SPERO AND JORGENSSON, P.C., LOURDES COLON, NAGINA MANGAL, ANN GRAYBIEL, SALLY KORNBLUTH, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, MIT CAMPUS POLICE DEPARTMENT, CRAIG MARTIN, COVERYS, KILLIAN CASEY, PANASHE FLINT, MICHAEL ALLEN, BOOKER BUSH, MARTIN CRANE, ALICE OLIFF, RICHARD WARING, THOMAS REILLY, HON. KIMBERLY BUDD, HON. MARGARET WALSH, JAMES BECK, HON. SARAH LUICK, HON. NATALIE MONROE, ANDREA CAMPBELL, HON. CHRISTOPHER CONNOLLY, HON. HEIDE BREIGER, HON. PETER W. KILLBORN, CLAUDIA HUNTER, VINCENT DICIANNI, FERRITOR SCOBBO & RODOPHELE P.C., ROBERT STOLZBERG, STEN LOFGREN, CHDI FOUNDATION, SIMONS FOUNDATION AUTISM RESEARCH INITIATIVE,<br><br>　　　　Defendants | Civil Action No. 24-13044 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants Massachusetts Institute of Technology ("MIT"), Nagina Mangal, Ann Graybiel, Sally Kornbluth, Craig Martin, Michael Allen, Panashe Flint and Killian Casey (together, the "MIT Defendants") remove this action from the Superior Court of the Commonwealth of Massachusetts for Middlesex County to the United States District Court for the District of Massachusetts. As grounds for removal, the MIT Defendants state as follows.

1

**Nature of the Case and Procedural History**

1. The plaintiff, Robert Weinberg, is a former physician and law school graduate. Weinberg lost his license to practice medicine because he had a sexual relationship with one of his patients. The events leading to the loss of his medical license and his response to that loss have had other significant consequences for Weinberg including, among other things, the denial of his admission to the Maine bar.

2. Weinberg has filed multiple lawsuits arising from these events, none of which have succeeded.

3. Most recently, on June 24, 2024, Weinberg filed an earlier version of the present lawsuit in this Court – *Weinberg v. Mangal*, et al., No.1:24-cv-11606-WGY. His original complaint spanned an astounding 1,835 pages, comprising 9,342 paragraphs, and incorporated by reference all of the allegations in all of his prior lawsuits. The original complaint named over 50 defendants, including his former patient, his former medical malpractice insurer, former employers, attorneys and law firms who represented him in prior administrative and judicial proceedings, administrative law judges, multiple judges including the Chief Justices of the Maine and Massachusetts Supreme Judicial Courts, and several individuals at MIT, where Weinberg recently spent time as a visiting student.

4. Following a Local Rule 7.1 conference with counsel for some of the defendants, Weinberg agreed to amend his original complaint in this Court. He filed an amended complaint on September 11, 2024 (No. 1:24-cv-11606-WGY, Docket # 49). The amended complaint spanned 520 pages; it also incorporated paragraphs 1-6917 of his original complaint in this Court, along with all the pleadings, rules, and final judgments in his several prior lawsuits.

5. The next day, Weinberg moved for leave to file a second amended complaint, which the Court denied (No. 1:24-cv-11606-WGY, Docket # 58).

6. The MIT Defendants, among others, moved to dismiss the amended complaint because it failed to comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim"; Rule 8(d)(1), which requires each averment to be "simple, concise, and direct"; and Rule 10(b), which requires the numbered paragraphs of a complaint be limited to a single set of circumstances.

7. No doubt recognizing that his amended complaint would be dismissed, with no further opportunity to amend it, Weinberg voluntarily dismissed the case (No. 1:24-cv-11606-WGY, Docket # 84) and determined to start over in Superior Court.

8. Weinberg filed his latest lawsuit in Middlesex Superior Court on November 26, 2024. The complaint as emailed to counsel is attached as ***Exhibit A***.[1] The complaint spans 181 pages and over 700 paragraphs of allegations, plus several requests for declaratory and other relief spanning hundreds of additional paragraphs. The complaint purports to assert 90 separate causes of action against all of the Massachusetts defendants he named in his earlier case in this Court. Weinberg apparently now intends to pursue the Maine defendants in that state.

9. On December 9, 2024 Weinberg filed another new federal court complaint against seemingly all of the same defendants. No. 1-24-cv-13035-WGY. The MIT Defendants asked Weinberg to dismiss the state court complaint in light of the December 9 complaint but Weinberg declined to do so.

---

[1] The Complaint and Exhibits are split up in order to fit the ECF filing requirements as ***Exhibits A-1 through A-5***. Weinberg also hand delivered a copy of the same voluminous complaint and exhibits to counsel's office with a summons on December 9, 2024. That package is attached hereto as Exhibit B, split up in order to fit in the ECF filing requirements as ***Exhibits B-1 through B-4***.

**Removal Jurisdiction and Venue**

10. A civil action filed in state court may be removed to federal district court if at least one of the claims asserted therein "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; 28 U.S.C. § 1441(a). Weinberg alleges numerous such claims, including "violations of his civil rights and constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, violations of Title IX of the Education Amendments of 1972, … violations of Title VII of the Civil Rights Act of 1964, [and] violations of 42 U.S.C. § 1983 …." Compl., p.3, ¶ 7.

11. The Court has supplemental jurisdiction over Plaintiff's state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Weinberg himself describes his state law claims as all being "related" to the federal claims he has asserted. *Id*.

12. Venue is proper in this Court because this is the federal judicial district and division in which the state court action was filed. 28 U.S.C. § 1441(a).

**Procedural Issues**

13. Pursuant to 28 U.S.C. § 1446(a), the MIT Defendants have attached copies of all process, pleadings, and orders served upon them in this case.

14. The MIT Defendants first received a copy of the Complaint on November 26, 2024, when Plaintiff sent a courtesy copy by email to counsel for the MIT Defendants.

15. This Notice of Removal is timely because it is filed within 30 days of the MIT Defendants' first receipt of the complaint. 28 U.S.C. § 1446(b).

4

16.     The MIT Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for Middlesex County and will serve the notice on Plaintiff in compliance with 28 U.S.C. § 1446(d).

17.     Certified copies of the entries in the Superior Court docket will be filed in connection with the MIT Defendants' Local Rule 81.1(a) submission.

18.     Counsel for the MIT Defendants has confirmed with counsel for the following defendants that they consent to the removal of this action:

> Booker Bush
> Martin Crane
> Alice Oliff
> Richard Waring
> Thomas Reilly
> Hon. Kimberly Budd
> Hon. Margaret Walsh
> James Beck
> Hon. Sarah Luick,
> Hon. Nathalie Monroe
> Andrea Campbell
> Christopher Connolly
> Hon. Heide Breiger,
> Hon. Peter W. Killborn
> Lisa Wolfe
> Stanley Spero

19.     The MIT Defendants anticipate that the remaining defendants also will consent to removal.  None of these defendants has yet been properly joined and served, as far as counsel for the MIT Defendants is aware.

20.     Since the filing of the Complaint, Weinberg has emailed counsel motions to bifurcate and for class certification in spite of the fact that he has not meet and conferred on these

motions, nor met any of the other requirements of Massachusetts Superior Court Rule 9A and 9C. Neither of those motions have been docketed in the Superior Court.

WHEREFORE, the MIT Defendants respectfully remove this case to the federal court.

|  |  |
|---|---|
| December 9, 2024 | MASSACHUSETTS INSTITUTE OF TECHNOLOGY ("MIT"), NAGINA MANGAL, ANN GRAYBIEL, SALLY KORNBLUTH, CRAIG MARTIN, MICHAEL ALLEN, PANASHE FLINT and KILLIAN CASEY, |

*/s/ Andrea L. Martin*
Daryl J. Lapp, BBO# 554980
  daryl.lapp@lockelord.com
Andrea L. Martin, BBO# 666117
  andrea.martin@lockelord.com
Jessica L. Gedallovich, BBO# 713121
  jessica.gedallovich@lockelord.com
LOCKE LORD, LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts 02199
617.239.0100

## CERTIFICATE OF SERVICE

I certify that on December 9, 2024, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper copy will be sent to the plaintiff, Robert Weinberg, by e-mail and first-class mail.

/s/*Andrea L. Martin*
Andrea L. Martin

141241733v.1